**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER PROSSER, individually and on behalf of all others similarly sitauted, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GLO TANNING CENTERS, INC., et al. | ) ) |
| Defendants. | ) |

No. 4:23-CV-768 RLW

## ORDER CONCERNING JURISDICTION

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id*.

Defendants' Notice of Removal asserts that federal jurisdiction exists based on diversity of citizenship and federal-question jurisdiction. (ECF No. 1, ¶¶ 4-12). The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts will have "original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]"

"When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Complete diversity of citizenship between plaintiffs and defendants is required by § 1332. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see* 28 U.S.C. § 1332(a), (c).

Here, Defendant Glo Tanning asserts that "[a]ccording to the Complaint, Defendant Glo Tanning is a citizen of Oklahoma and Arkansas." (ECF No. 1, ¶ 10). But that is not entirely accurate. The Complaint states that "Defendant Defendant's [sic] Glo Tanning Centers, Inc. ("Glo"), an Oklahoma corporation [sic], and as [sic] a registered foreign corporation in Arkansas." (ECF No. 3, ¶ 6). The Complaint also states that "Defendant's principal place of business is within this District and/or Defendants conduct significant business transactions within this District[.]" *Id.* at ¶ 12.

As explained above, a corporation is a citizen of both its state of incorporation and its principal place of business. *See Sanders*, 823 F.2d at 216. If Defendant Glo Tanning's principal place of business is indeed in Missouri, then this Court does not have diversity jurisdiction. *Id.* Simply put, the Court cannot determine whether diversity jurisdiction exists based upon the Notice of Removal because it contains no allegations regarding Glo Tanning's principal place of business. As the party invoking diversity jurisdiction, Defendant has the burden of establishing all

jurisdictional facts. *See McNutt*, 298 U.S. at 189. Thus, Defendant's Notice of Removal is procedurally defective. Defendant Glo Tanning is granted seven days to file an amended notice of removal that alleges facts showing complete diversity of citizenship between the parties.[1]

Accordingly,

**IT IS HEREBY ORDERED** that by **July 26, 2023**, Defendant Glo Tanning shall file an amended notice of removal that alleges facts establishing the citizenship of all parties to this action.

**IT IS FURTHER ORDERED** that if Defendant does not timely and fully comply with this Order, this matter will be remanded to the Circuit Court of Jefferson County.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of July, 2023.

---

[1] The Court acknowledges that Defendant Glo Tanning invoked federal-question jurisdiction. But because Defendant also invoked diversity jurisdiction, the Court will insist that Defendant establish the proper jurisdictional facts to support that assertion. *See McNutt*, 298 U.S. at 189.